**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Christopher Janson,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br><br>Defendant. | Case No. |

# COMPLAINT

NOW COMES Plaintiff, Christopher Janson ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant Equifax Information Services, LLC ("Equifax").

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## Parties

2. Plaintiff is a natural person at all times relevant residing in the City of Alexandria, in the Commonwealth of Virginia.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined

by 15 U.S.C. § 1681a(c).

4. Defendant Equifax Information Services, LLC is a corporation conducting business in the Commonwealth of Virginia and is headquartered in Atlanta, Georgia.

5. Defendant Equifax is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

6. Defendant Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

7. Defendant Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant Equifax is a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is

headquartered within this District and a substantial part of the events or omissions giving rise to the claims occurred within this District.

**Factual Allegations**

12. Plaintiff is a consumer who is the victim of inaccurate reporting by Equifax and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

13. CRAs, including Equifax, have a duty under the FCRA to follow reasonable procedures to assure that the consumer reports they sell meet the standard of “maximum possible accuracy.” 15 U.S.C. § 1681e(b).

14. On or about December 22. 2025, Plaintiff and Citi fully settled Plaintiff’s Citicards/CBNA account ending in 8016.

15. Per the terms of the settlement, Plaintiff made all payments required and thereby satisfied the settlement agreement.

16. Prior to June 4, 2026, Plaintiff obtained a copy of his consumer credit report reflecting information reported by Equifax regarding the Account.

17. Despite Plaintiff’s performance under the settlement agreement, Equifax reported the Account as charged off with a balance of $975.00.

18. The reporting of an outstanding balance was inaccurate because Plaintiff had settled the Account with Citi and made all payments required to fulfill the settlement.

19. Equifax's reporting therefore represented that Plaintiff continued to owe money on an Account that Plaintiff had satisfied pursuant to the settlement.

20. Equifax's reporting of an outstanding balance was inaccurate and, at the least, materially misleading.

21. Equifax's failure to report the Account accurately harmed Plaintiff's credit and would, at the least, mislead a third party reviewing Plaintiff's credit history regarding the amount Plaintiff owed to Citi.

22. On June 4, 2026, Plaintiff issued a written dispute by mail to Equifax regarding the inaccurate information being reported on the Account.

23. In his dispute, Plaintiff specifically advised Equifax that he had settled the Citicards/CBNA account with Citi and had made all payments required to fulfill the settlement.

24. In his dispute letter, Plaintiff disputed the reported charge-off status and the reported $975.00 balance and requested that Equifax research the matter and update its records accordingly.

25. Plaintiff included additional supporting documentation with his dispute to assist Equifax in researching and correcting the Account.

26. Nevertheless, after Plaintiff's dispute, Equifax continued to report an outstanding balance on the Account. Plaintiff's August 10, 2026, consumer report reflects Equifax reporting the Citicards/CBNA account ending in 8016 as closed

with a balance of $1,038.00 and a current payment status of "Late Over 120 Days."

27. Despite receiving Plaintiff's dispute and the supporting documentation Plaintiff provided with it, Equifax continued to report that Plaintiff owed $1,038.00 on the Account and that the Account was currently "Late Over 120 Days." Because Plaintiff had satisfied the settlement and no further amount was due under the settlement, those representations were inaccurate and materially misleading.

28. Equifax's continued reporting of an outstanding balance and current delinquency after receiving Plaintiff's dispute and supporting documentation demonstrates that Equifax failed to conduct a reasonable reinvestigation and/or failed to maintain reasonable procedures to assure maximum possible accuracy.

29. As a result of Equifax's failure to correct the inaccurate reporting after Plaintiff's dispute, Plaintiff suffered harm, including damage to his credit and reputation, emotional distress, and interference with his normal and usual activities.

## COUNT I – Equifax
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

31. After receiving Plaintiff's dispute, Equifax failed to correct the inaccurate information regarding the Account appearing on Plaintiff's consumer report.

32. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to

follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that Equifax published and maintained concerning Plaintiff.

33. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

35. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – Equifax**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

38. After receiving Plaintiff's dispute, Equifax failed to correct the inaccurate information regarding the Account appearing on Plaintiff's consumer

report.

39. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

40. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act

and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: August 29, 2026

By: */s/ Mark Carey*
Mark A. Carey
Law Offices of Mark A. Carey
5600 Roswell Road, Building C
Sandy Springs, GA 30342
Tel: (716) 853-9243
Email: markcareylaw@ymail.com

Attorneys for Plaintiff, Christopher Janson